# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY ) <br> INSURANCE COMPANY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SM T.E.H. REALTY 9, LLC, ) <br> MICHAEL FEIN and ) <br> ELIRAM RABIN, ) <br> ) <br>     Defendants. ) <br> ) | Case No. 4:20-cv-00381-AGF |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR INDEMNITY AND EQUITABLE RELIEF

Defendant SM T.E.H. Realty 9 LLC states the following as its answer and affirmative defenses to the complaint of plaintiff Philadelphia Indemnity Insurance Company:

### ANSWER

### PARTIES

1.  Philadelphia is a corporation formed under the laws of the Commonwealth of Pennsylvania with its corporate headquarters and principal place of business located at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004, which is the location from which Philadelphia's high-level officers direct, control, and coordinate Philadelphia's corporate activities. Thus, Philadelphia is a citizen of the Commonwealth of Philadelphia for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 and therefore denies those allegations.

1

2.      Upon information and belief, the Principal is a Pennsylvania member managed limited liability company with a principal place of business in Reading, Pennsylvania, whose member is a citizen of the State of New York. Thus, the Principal is a citizen of the State of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). Upon information and belief, the Principal may be served process via its Registered Agent, Registered Agents, Inc., 117 South Lexington Street, Suite 100, Harrisonville, MO 64701.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 and therefore denies those allegations.

3.      Upon information and belief, Michael Fein is a citizen of the State of New York and may be served with process at his residence at 911 East 18th Street, Brooklyn, NY 11230.

**Answer:** Admitted.

4.      Upon information and belief, Eliram Rabin is a citizen of a foreign state or is a citizen of the State of Kansas and may be served with process at his residence at 7915 West 99th Street, Overland Park, KS 66212.

**Answer:** Admitted in part; denied in part. Defendant admits Eliram Rabin is a citizen of a foreign state. Defendant denies Eliram Rabin is a citizen of Kansas.

JURISDICTION AND VENUE

5.      This Honorable Court possesses original jurisdiction over Philadelphia's Complaint for Indemnity and Equitable Relief pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter in

controversy is between citizens of different states and/or foreign states.

**Answer:** Paragraph 5 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

6.      Philadelphia files this action against the Indemnitors pursuant to (a) an Agreement of Indemnity, dated April 2, 2017, the Indemnitors executed in favor of Philadelphia (the "2017 Indemnity Agreement"), and (b) an Agreement of Indemnity, dated March 15, 2018, Michael Fein executed individually and on behalf of the Principal in favor of Philadelphia (the "2018 Indemnity Agreement"). The 2017 Indemnity Agreement and the 2018 Indemnity Agreement shall be collectively referred to as the "Indemnity Agreements".

**Answer:** Admitted.

7.      This Honorable Court possesses personal jurisdiction over the Indemnitors pursuant to the terms and covenants of the Indemnity Agreements agreed upon by the Indemnitors. Section 8 of the Indemnity Agreements provides:

> Defendants consent to the jurisdiction of any court of competent jurisdiction including the jurisdiction of any state or federal court where Surety, principal, or one or more of any of the Indemnitors is domiciled or doing business at the sole discretion of Surety. Defendants waive any right to a trial by a jury for any tort or contract claims related to this Agreement and waives any claim or defense in any such action based on alleged lack of personal jurisdiction, improper venue, forum non conveniens or any similar basis.

**Answer:** Paragraph 7 contains legal conclusions to which Defendant is not required to

respond. To the extent a response is required, the allegations are denied.

8. Because the Principal does business in the State of Missouri, this Court possesses personal jurisdiction over Philadelphia and venue is appropriate in this Honorable Court pursuant to Section 8 of the Indemnity Agreements.

**Answer:** Paragraph 8 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

9. By executing the Indemnity Agreements, the Indemnitors have consented to venue and personal jurisdiction in this Honorable Court.

**Answer:** Paragraph 9 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

FACTUAL ALLEGATIONS

The Indemnity Agreements

10. The Indemnitors, as applicable, executed the Indemnity Agreements in favor of Philadelphia as a condition of Philadelphia's issuance of surety bonds on behalf of the Indemnitors. Copies of the 2017 Indemnity Agreement and the 2018 Indemnity Agreement are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

**Answer:** Admitted.

11. Paragraph 2 of the Indemnity Agreements provides, "We jointly and severally agree to hold Surety harmless from all Loss and to reimburse Surety for all Loss."

**Answer:** Admitted.

12.     Paragraph 1(b) of the Indemnity Agreements defines Loss as:

Any payment, loss, cost, or expense either incurred or anticipated by Surety in connection with any Bond or this agreement including but not limited to: (i) payment of Bond premium and/or proceeds or any other expense in connection with claims, potential claims, demands, claim fees, penalties, interest, court costs, collection agency fees; (ii) costs related to taking, protecting, administering, realizing upon, or releasing collateral; and (iii) attorneys' and consultants' fees, including but not limited to, those incurred in defense of Bond claims or pursuing any rights of indemnification or subrogation and in obtaining and enforcing any judgment arising from those rights.

**Answer:** Admitted.

13.     Paragraph 1(a) of the Indemnity Agreements defines "Bond" as:

Any and all surety bonds, undertakings, recognizances instruments of guarantee or other surety obligations and any renewals, modifications or extensions thereof issued on behalf of any Principal by Surety, or any other party at the request of Surety and, as to all of the foregoing, whether issued before or after execution of this Agreement. The term Bond also includes any electronic processes in lieu of the issuance of paper bonds, whether in the contract bidding process or otherwise.

**Answer:** Admitted.

14.     Paragraph 6 of the Indemnity Agreements provides:

We agree that Surety shall have the exclusive right in its sole discretion to decide and determine whether any claim, liability suit or judgment brought against Surety on any Bond shall or shall not be paid, compromised, defended, tried or appealed.

**Answer:** Admitted.

### The Bond and Philadelphia's Potential Liability Thereunder

15. In reliance on the covenants and conditions made by the Indemnitors in the Indemnity Agreements, Philadelphia issued, among others, Low-Income Housing Tax Credit Recapture Guarantee Surety Bond No. PB02640300363 in the penal sum of $2,806,360.00 (the "Bond") on behalf of the Principal, which names Boston Capital Corporate Tax Credit Fund XXIX, A Limited Partnership (the "Obligee") as the obligee/beneficiary thereunder. A copy of the Bond is attached hereto as **Exhibit 3**.

**Answer:** Admitted.

16. Philadelphia is and currently remains exposed to significant "Loss" as a result of issuing the Bond on behalf of the Principal.

**Answer:** Denied.

17. On or about January 22, 2020, the Obligee transmitted a letter to the Indemnitors demanding payment under a Guaranty made by Michael Fein in favor of the Obligee, dated December 31, 2018 (the "Guaranty") in the amount of $3,008,977.00 representing the Obligee's total alleged loss of tax credit recapture and loss of credits (the "Payment Demand"). A copy of the Payment Demand is attached hereto as **Exhibit 4**.

**Answer:** Admitted.

18.     Philadelphia anticipates that the Obligee will demand payment that Philadelphia pay the penal sum of the Bond in the imminent future if Michael Fein fails to satisfy his obligations under the Guarantee.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 and therefore denies those allegations.

19.     In sum, Philadelphia faces a potential claim against the Bond in the amount of the Bond's penal sum totaling $2,806,360.00.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 and therefore denies those allegations.

20.     Pursuant to the Indemnity Agreement, the Indemnitors must hold Philadelphia harmless relative to all "Loss," which includes the Obligee's potential claim against the Bond, and the Indemnitors' duty to hold Philadelphia harmless relative to the Obligee's potential claim against the Bond requires them to take affirmative action to prevent Philadelphia from incurring any actual loss by reason of having issued the Bond in behalf of the Principal.

**Answer:** Paragraph 20 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

21.     Philadelphia continues to face exposure under the Bond and in enforcing the Indemnity Agreements and, accordingly, expressly reserves the right to increase its demand on the Indemnitors and/or the sums sought under the Indemnity Agreements.

**Answer:** Paragraph 21 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations denied.

### Breach of the Indemnity Agreement

22. On or about December 23, 2019, Philadelphia transmitted a letter to the Principal and Michael Fein demanding the deposit of collateral in the amount of $2,806,360.00 representing the estimated liability of Philadelphia by reason of issuance of the Bond (the "Collateral Demand"). A copy of the Collateral Demand is attached hereto as **Exhibit 5**.

**Answer:** Admitted.

23. Despite the Collateral Demand, the Principal and the Indemnitors have failed and/or refused to comply with the covenants and conditions of the Indemnity Agreements by, *inter alia*, indemnifying and reimbursing Philadelphia for its losses and expenses under the Bond.

**Answer:** Denied.

24. The Principal and the Indemnitors have breached their obligations under the Indemnity Agreements, thereby causing loss and expense to Philadelphia.

**Answer:** Paragraph 24 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

## CLAIMS FOR RELIEF

### COUNT I – Breach of the Indemnity Agreement

25. Philadelphia hereby restates the allegations contained in the foregoing paragraphs of this Complaint for Indemnity and Equitable Relief as if fully set forth herein.

**Answer:** Defendant incorporates by reference its answers to the allegations of all preceding paragraphs as though fully set forth herein.

26. Under Paragraph 2 of the Indemnity Agreements, as more fully set forth therein, the Principal and the Indemnitors are obligated to, jointly and severally, hold Philadelphia harmless from all "Loss" and to reimburse Philadelphia for all "Loss."

**Answer:** Admitted.

27. To date, Philadelphia is exposed to "Loss," including fees and disbursements of counsel, in an amount no less than $2,806,360.00 as a result of (a) having issued the Bond on behalf of the Principal, (b) the failure of the Principal and the Indemnitors to comply with the covenants in the Indemnity Agreements, and (c) in enforcing the Indemnity Agreements, for which the Principal and the Indemnitors are jointly and severally obligated to indemnify Philadelphia pursuant to the terms of the Indemnity Agreements.

**Answer:** Paragraph 27 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

28. Despite the Collateral Demand, the Principal and the Indemnitors have failed to hold Philadelphia harmless relative to its anticipated losses and expenses incurred as a result of (a)

having issued the Bond on behalf of the Principal, (b) the failure of the Principal and the Indemnitors to comply with the covenants in the Indemnity Agreements, and (c) in enforcing the Indemnity Agreements.

**Answer:** Paragraph 28 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

29. The failure of the Principal and the Indemnitors to hold Philadelphia harmless for its actual and anticipated losses and expenses constitutes a material breach of the Indemnity Agreements.

**Answer:** Paragraph 29 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

30. Philadelphia has been damaged as a result of the Principal's and the Indemnitors' material breach of the Indemnity Agreements in an amount no less than $2,806,360.00.

**Answer:** Paragraph 30 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

31. Therefore, Philadelphia is entitled to the entry of a judgment against the Principal and the Indemnitors in the amount necessary to fully hold Philadelphia harmless from and against all losses and expenses incurred as a result of (a) having issued the Bond on behalf of the Principal, (b) the failure of the Principal and the Indemnitors to comply with the covenants in the Indemnity Agreements, and (c) in enforcing the Indemnity Agreements, which amount currently exceeds $2,806,360.00 and will be proven at trial.

**Answer:** Paragraph 31 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

COUNT II – Equitable Indemnity, Reimbursement and Exoneration

32. Philadelphia hereby restates the allegations contained in the foregoing paragraphs of this Complaint for Indemnity and Equitable Relief as if fully set forth herein.

**Answer:** Defendants incorporate by reference its answers to the allegations of all preceding paragraphs as though fully set forth herein.

33. Pursuant to common law right of exoneration, indemnification, and reimbursement, Philadelphia is entitled to exoneration, indemnification, and/or reimbursement from the Principal, as the principal on Bond, for all loss suffered by Philadelphia, as surety, by reason of having issued the Bond on behalf of the Principal.

**Answer:** Paragraph 33 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

34. Therefore, the Principal is liable to Philadelphia for all losses suffered and anticipated to be suffered by Philadelphia by reason of having issued the Bond on behalf of the Principal, which amount currently exceeds $2,806,360.00 and will be proven at trial.

**Answer:** Paragraph 34 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

## **COUNT III –** *Quia Timet*

35. Philadelphia hereby restates the allegations contained in the foregoing paragraphs of this Complaint for Indemnity and Equitable Relief as if fully set forth herein.

**Answer:** Defendant incorporates by reference its answers to the allegations of all preceding paragraphs as though fully set forth herein.

36. Pursuant to its equitable remedy of *quia timet*, Philadelphia is entitled to demand that the Principal place Philadelphia "in funds" when there are reasonable grounds for Philadelphia to believe that it will suffer a loss under the Bond in the future because the Principal is likely to default on its primary obligation to the Obligee for which Philadelphia may be secondarily liable under the Bond.

**Answer:** Paragraph 36 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

37. Based upon the Obligee's Payment Demand to the Principal and Michael Fein and their failure to satisfy the Obligee's Payment Demand, Philadelphia possesses reasonable grounds for believing that it may sustain a loss in the Bond in the future.

**Answer:** Paragraph 37 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

38. Moreover, despite the Collateral Demand, the Principal has failed to place Philadelphia "in funds" relative to the Obligee's potential claim against the Bond.

**Answer:** Paragraph 38 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

39. Therefore, pursuant to Philadelphia's equitable remedy of *quia timet*, Philadelphia is entitled to a judgment against the Principal compelling the Principal to place Philadelphia "in funds" relative to the Obligee's potential claim against the Bond by depositing collateral with Philadelphia totaling $2,806,360.00.

**Answer:** Paragraph 39 contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

Defendants in further answer to and for its affirmative defenses to Plaintiff's Complaint state:

1. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint fails to state a claim upon which relief can be granted because it does not allege it suffered damages. Rather, Plaintiff alleges it *anticipates* it will suffer damages. In order to state a claim for breach of contract[1], Plaintiff must allege (1) a contract, (2) the parties had rights and obligations under the contract, (3) breach, and (4) **damages**. *Roe v. St. Louis Univ.*, 746 F.3d 874, 885–86 (8th Cir. 2014) (emphasis added); *See also Bose Corp. v. Ejaz*, 732 F.3d 17, 21 (1st Cir. 2013) ("Under Massachusetts law, a breach of contract claim requires the plaintiff to show that (1) a valid

---

[1] The Indemnity Agreements, which were executed in Massachusetts and Kansas, are silent on the governing law. However, the elements of breach of contract in Missouri, Massachusetts, and Kansas all require Plaintiff to plead and prove it sustained damages.

contract between the parties existed, (2) the plaintiff was ready, willing, and able to perform, (3) the defendant was in breach of the contract, and (4) the **plaintiff sustained damages as a result**.); *See also Lawson v. Spirit AeroSystems, Inc.*, No. 18-CV-01100-EFM-KGS, 2018 WL 3973150, at *5 (D. Kan. Aug. 20, 2018) ("To state a claim for breach of contract under Kansas law, the plaintiff must plead five elements: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) **damages to the plaintiff caused by the breach**.").

In its Complaint, Plaintiff makes the following allegations which evidence it has not suffered any damage:

a. "Philadelphia is and currently remains **exposed** to significant 'Loss'…." *See* Complaint, ¶16 (emphasis added);

b. "Philadelphia **anticipates** that the Obligee will demand payment…." *See* Complaint, ¶18 (emphasis added);

c. "Despite the Collateral Demand, the Principal and the Indemnitors have failed to hold Philadelphia harmless relative to its **anticipated losses and expenses**…" *See* Complaint, ¶28 (emphasis added);

d.  "The failure of the Principal and the Indemnitors to hold Philadelphia harmless for its **actual and anticipated losses and expenses**…" *See* Complaint, ¶29 (emphasis added); and

e. "Therefore, the Principal is liable to Philadelphia for all losses suffered and **anticipated to be suffered** by Philadelphia…." *See* Complaint, ¶34 (emphasis added).

On the face of the Complaint, Plaintiff fails to allege an essential element of its breach of contract claim – that is suffered damages. Likewise, Plaintiff's claims for equitable relief are premised on *anticipated* harm. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are not ripe for adjudication because its claims rests on an issue of fact – that the "Obligee" will demand payment – that has not occurred.

WHEREFORE, Defendant prays this Court will dismiss Plaintiff's Complaint with prejudice, award Defendant its attorneys' fees and costs incurred herein, and for such further relief the Court deems just and proper.

Respectfully submitted,

MICHAEL GROSS LAW OFFICE

/S/     Michael Gross
Michael Gross [Missouri Bar No. 23600]
231 South Bemiston Avenue, Suite 250
St. Louis, Missouri 63105
(314) 863-5887
mgross@grossbriefs.com

*Attorney for Defendant SM T.E.H. REALTY 9, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was electronically served on all counsel of record via the Court's CM/ECF electronic filing system on June 19, 2020.

/s/ Michael Gross