UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PHILADELPHIA INDEMNITY ) 
INSURANCE COMPANY )
 )
    Plaintiff, )
 )
    vs. )     Case No. 4:20-CV-00381 AGF
 )
SM T.E.H. REALTY 9, LLC, et al., )
 )
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Philadelphia Indemnity Insurance

Company's motion for summary judgment on its claim for breach of contract arising out

of its insurance of a surety bond securing certain payment obligations by Defendants.

(ECF No. 22).  Defendants SM T.E.H. Realty 9, LLC, Michael Fein, and Eliram Rabin

(collectively "Defendants") did not file a response to the motion, and the time to do so

has passed.  However, Defendants did file Responses to Plaintiff's Statement of Material

Facts.  (ECF Nos. 28-29).[1]  In their Responses, Defendants admitted all of the material

facts asserted by the Plaintiff, except for two facts related to Plaintiff's payment, which

Defendants objected to as unsupported by admissible evidence.  For the reasons set forth

---

[1] Defendant SM T.E.H. Realty 9, LLC filed one Response to Plaintiff's Statement of Material Facts, (ECF No. 28), and Defendants Michael Fein and Eliram Rabin filed a second Response to Plaintiff's Statement of Material Facts.  (ECF No. 29).  The Responses are identical, with the exception of a footnote contained in SM T.E.H. Realty's Response stating the Defendants do not intend to file any responses to Plaintiff's Motion for Summary Judgment. *Id.*

below, the motion will be granted and Plaintiff's remaining claims will be dismissed as moot.

## I.     BACKGROUND

Viewing the evidence and all reasonable inferences in the light most favorable to Defendants, for purpose of the motion before the Court, the record establishes the following.  Defendants Michael Fein ("Fein") and Eliram Rabin ("Rabin") are the owners of Defendant SM T.E.H. Realty 9, LLC ("Realty").  Realty purchased from Boston Capital Corporate Tax Credit Fund ("Boston Capital") an interest in Park Ridge Associates Limited Partnership, which owned the Park Ridge Apartments in Ferguson, Missouri.  This apartment complex contained residential units qualifying for low-income housing tax credits under the Internal Revenue Code.

In connection with Realty's investment in this apartment complex, Realty obtained from Plaintiff a surety bond for $2.8 million (the "Bond") securing Realty's obligation to indemnify Boston Capital for any losses resulting from the IRS's recapture of tax credits and interest in the event that the apartment complex ceased to satisfy IRS requirements. (ECF. No 29. at ¶ 3).  In order to obtain the Bond, Fein executed on behalf of Realty a General Indemnity Agreement on March 15, 2018 obligating Realty to indemnify Plaintiff for any losses in connection with the Bond.  *Id*. at ¶ 2.  This agreement is identical to an earlier indemnity agreement signed by Fein and Rabin in their individual capacities in April 2017.  *Id*. at ¶ 1.

In July 2019, Boston Capital received several notices of the partnership's non-compliance with IRS low-income housing requirements.  (ECF No. 22-1 at 23).  As a

2

result, Boston Capital incurred losses in the form of tax credit recapture and interest totaling over $3 million.

On December 23, 2019, Plaintiff sent a letter to Realty and Fein demanding they deposit collateral with Plaintiff in the amount of $2,806,360 to secure Plaintiff's potential liability to Boston Capital.  (ECF No. 24-4).  On March 13, 2020, Boston Capital asserted a claim against Plaintiff under the Bond in excess of $2,806,360.  (ECF No. 24-6). Realty, Fein, and Rabin have not paid Boston Capital for the recaptured tax credit and interest and have failed to hold Plaintiff harmless for Boston Capital's claim against the Bond.  (ECF No. 28 at ¶¶ 5-6, ECF No. 29 at ¶¶ 5-6).  Plaintiff has submitted evidence that it paid Boston Capital $2,806,360.00 to settle the claim pursuant to its rights under the General Indemnity Agreements.[2]  (ECF No. 24 at ¶ 7).  Plaintiff asserts that it reimbursed Boston Capital for its losses pursuant to the surety agreement.  It now seeks indemnification from Defendants under the General Indemnity Agreements.

Pursuant to the General Indemnity Agreements, Realty, Fein, and Rabin are required to reimburse Plaintiff's "Loss" associated with the Bond.  (ECF Nos. 23-1, 23-2).  Plaintiff claims the "Loss" includes the $2,806,360.00 settlement payment to Boston Capital and attorney's fees, costs, and other expenses in excess of $22,606.00 related to Boston Capital's claim and the enforcement of the General Indemnity Agreements.  (ECF No. 28 at ¶ 9, ECF No. 29 at ¶ 9).

---

[2] Defendants claim Plaintiff has not submitted admissible evidence in support of its statement that it paid Boston Capital to settle the claim.  For the reasons set forth below, the Court concludes that Plaintiff has shown it paid Boston Capital to settle the claim.

<u>The 2017 and 2018 General Indemnity Agreements</u>

The language of the 2017 and 2018 General Indemnity Agreements is identical.
Under the agreements, Realty, Fein, and Rabin "agree to hold [Plaintiff] harmless from
all Loss and to reimburse [Plaintiff] for all Loss." The General Indemnity Agreements
define "Loss" as:

> Any payment, loss, cost, or expense either incurred or anticipated by Surety
> in connection with any Bond or this agreement including but not limited to: (i)
> payment of Bond premium and/or proceeds or any other expense in connection
> with claims, potential claims, demands, claim fees, penalties, interest, court
> costs, collection agency fees; (ii) costs related to taking, protecting,
> administering, realizing upon, or releasing collateral; and (iii) attorneys' and
> consultants' fees, including but not limited to, those incurred in defense of
> Bond claims or pursuing any rights of indemnification or subrogation and in
> obtaining and enforcing any judgment arising from those rights.

(ECF Nos. 23-1, 23-2).

The General Indemnity Agreements define "Bond" as:

> Any and all surety bonds, undertakings, recognizances instruments of
> guarantee or other surety obligations and any renewals, modifications or
> extensions thereof issued on behalf of any Principal by Surety, or any other
> party at the request of Surety and, as to all of the foregoing, whether issued
> before or after execution of this Agreement. The term Bond also includes any
> electronic processes in lieu of the issuance of paper bonds, whether in the
> contract bidding process or otherwise.

(ECF Nos. 23-1, 23-2).

The General Indemnity Agreements give Plaintiff "the exclusive right in its sole
discretion to decide and determine whether any claim, liability suit or judgment brought
against [Plaintiff] on any Bond shall or shall not be paid, compromised, defended, tried or
appealed." (ECF Nos. 23-1, 23-2).

In its motion, Plaintiff contends that the General Indemnity Agreements are valid and should be enforced under Missouri Law.  Under the General Indemnity Agreements, Plaintiff claims Defendants are obligated to reimburse Plaintiff's "Loss."  The "Loss" includes Plaintiff's settlement payment to Boston Capital and additional attorney's fees, costs, and other expenses totaling in excess of $2,829,056, which Plaintiff asserts it is entitled to receive as a matter of law.

## II.    DISCUSSION

### a.  Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (internal quotation omitted).  "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Briscoe v. Cnty. of St. Louis, Mo.,* 690 F.3d 1004, 1011 (8th Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986)).  The nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Gannon Intern., Ltd. v. Blocker,* 684 F.3d 785, 792 (8th Cir. 2012).

Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.* The nonmoving party must substantiate its allegations with sufficient probative evidence that would support a finding in its favor "based on more than mere speculation, conjecture, or fantasy." *Clay v. Credit Bureau Enters., Inc.*, 754 F.3d 535, 539 (8th Cir. 2014) (internal quotation marks and citations omitted).

**b. <u>Admissibility of Evidence</u>**

In their Responses to Plaintiff's Statement of Material Facts, Defendants admit they signed the General Indemnity Agreements, that Boston Capital asserted a claim against Plaintiff under the Bond in excess of $2,806,360 after the Park Ridge Apartments were foreclosed upon, that Defendants failed to pay Boston Capital for the recaptured tax credits and interest resulting from the foreclosure sale, and that they have failed to hold Plaintiff harmless relative to Boston Capital's claim against the Bond as required by the 2017 and 2018 General Indemnity Agreements. The only facts not admitted by Defendants are paragraphs 7 and 8 of Plaintiff's Statement of Material Facts. In paragraphs 7 and 8, Plaintiff states that it paid Boston Capital $2,806,360.00 and it conducted an independent investigation into the claim. (ECF No. 24 at ¶¶ 7-8). The paragraphs are supported by the Declaration of Allison Skowron ("Skowron Affidavit"). (ECF No. 22-1). Defendants do not deny the truth of these assertions, but rather object by claiming the facts are inadmissible because "[p]aragraph 11 of the Skowron Affidavit is not supported by any documentary evidence, such as a business record, and is

6

inadmissible hearsay." (ECF No. 28 at 3, ECF No. 29 at 3). Defendants do not cite to any facts in the record in their Responses to Plaintiff's statement of material facts.

Rule 56(c)(4) requires that supporting and opposing affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4). A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). When such an objection is made, the burden is on the proponent of the evidence to show that the material is admissible as presented or to explain the admissible form that is anticipated. *Gannon,* 684 F.3d at 793 (citing the advisory committee's note to Rule 56). However, the Eighth Circuit has held that it is not an abuse of discretion for a District Court to overrule such an objection when the objecting party "does not even attempt to argue that the [objectionable materials] could not [be] presented in an admissible form at trial." *Id*.

Allison Skowron ("Skowron") states that she is employed as a surety claims specialist for Plaintiff and that she is the "custodian of records relating to and possess[es] knowledge relating to the allegations asserted in" the complaint in her affidavit. (ECF No. 22-1 at ¶1). She attests that "this Affidavit is made on personal knowledge." *Id*. Defendants do not dispute that Skowron's declaration was made with personal knowledge, nor do they cite to any authority showing a statement made with personal knowledge must be supported by business records. Furthermore, they do not argue that the information contained in the Skowron Affidavit could not be presented in an admissible form at trial. *See Gannon,* 684 F.3d at 793. As such, Defendants have failed

to show that the facts related to payment in the Skowron Affidavit could not be presented in admissible form and the challenged facts will be accepted for purposes of this motion. *See Jackson v. Cavalry Portfolio Servs., LLC*, No. 4:13-CV-617 CEJ, 2014 WL 517490 at *2 (E.D. Mo. Feb. 7, 2014) (finding the witness's affidavit was based on his personal knowledge and not inadmissible hearsay where the witness stated he had personal knowledge of the facts, was employed with the defendant company for many years, and was familiar with relevant procedures).  Therefore, Plaintiff's Statement of Material Facts is deemed admitted in its entirety.  *See AMCM, Inc. v. Philadelphia Indem. Ins. Co.*, No. 1:10-CV-80 LMB, 2012 WL 10489, at *3 (E.D. Mo. Jan. 3, 2012) (admitting statement of material facts where opposing party failed to controvert material facts and all objections lacked merit).

### c.  Breach of Contract

Defendants' failure to file a response in opposition to Plaintiff's motion for summary judgment does not mean summary judgment should be automatically granted in favor of Plaintiff.  Even if the facts as alleged by Plaintiff are not in dispute, those facts still must establish it is entitled to judgment as a matter of law.  *Cross v. MHM Correctional Services, Inc,* No. 4:11-CV-1544 TIA, 2014 WL 5385113 at * 3 (E.D. Mo. Oct. 10, 2014).

Plaintiff claims that Defendants are in breach of contract.  The elements of breach of contract under Missouri law are "(1) a contract, (2) the parties had rights and obligations under the contract, (3) breach, and (4) damages."  *Roe v. St. Louis Univ.*, 746 F.3d 874, 885–86 (8th Cir. 2014).  Plaintiff argues the General Indemnity Agreements are

valid and should be enforced according to their terms under Missouri law.  Pursuant to the General Indemnity Agreements, Defendants were obligated to reimburse Plaintiff's "Loss," which includes Plaintiff's $2,806,360.00 settlement payment to Boston Capital and more than $22,696.00 in attorney's fees, costs, and other expenses.  Defendants have not reimbursed Plaintiff.  Therefore, Plaintiff argues Defendants are in material breach of contract and Plaintiff is entitled to judgment as a matter of law in an amount sufficient to fully reimburse its "Loss."

The General Indemnity Agreements are binding contracts which require the Defendants to reimburse Plaintiff's "Loss."  The General Indemnity Agreements define "Loss" broadly; Plaintiff has shown the "Loss" includes the settlement payment it made to Boston Capital, attorney's fees, costs, and other expenses incurred in connection with the Bond and the General Indemnity Agreements.  Defendants have not reimbursed Plaintiff and they do not dispute that they are in breach of the contract.  Plaintiff has shown it suffered damages in excess of $2,829,056—the total amount paid to Boston Capital along with the fees Plaintiff continues to accrue.  Plaintiff has therefore met its burden of showing the absence of a genuine issue of material fact and that it is entitled to summary judgment as a matter of law.

The burden then shifts to Defendants to set forth specific facts showing a genuine issue of material facts.  *Gannon*, 684 F.3d at 792.  Defendants have not met their burden.  They have not set forth any specific facts in their Responses to Plaintiff's Statement of Material Facts, nor have they responded to Plaintiff's Motion for Summary Judgment.  On this record, Plaintiff is entitled to summary judgment.

III.    **CONCLUSION**

Plaintiff has shown that it is entitled to have its "Loss" reimbursed by Defendants pursuant to the General Indemnity Agreements.  Plaintiff's "Loss" consists of the $2,806,360.00 settlement payment to Boston Capital and attorney's fees, costs, and other expenses in excess of $22,606.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**.  (ECF No. 22).

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Plaintiff and against Defendants in the amount of the settlement payment of $2,806,360.00 plus Plaintiff's attorney's fees, costs, and other expenses associated with the Bond.

**IT IS FURTHER ODERED** that Plaintiff shall have **fourteen (14) days** to show the total attorney's fees, costs, and other expenses associated with the Bond.  Defendants shall have **seven (7) days** to respond.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims for equitable indemnity (Count II) and *quia timet* (Count III) are **dismissed as moot**.



_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2021.